UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TOMMY L. LINGEFELT, SR.** | **CIVIL ACTION NO. 18-1274** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LA DEPT. OF PROBATION & PAROLE** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Petitioner Tommy L. Lingefelt, Sr., who proceeds pro se, filed the instant Petition for writ of habeas corpus on September 26, 2018, under 28 U.S.C. § 2241. He challenges his release on parole and seeks, primarily, unconditional release from all terms and conditions of parole.[1]

**Background**

Petitioner was convicted of unstated charges on May 9, 2003. [doc. # 2, p. 1]. He was released from incarceration "as if released on parole" on October 7, 2013, pursuant to Louisiana Revised Statute § 15:571.5(A).[2] *Id.* at 2. He claims, however, that he served his entire sentence and should not be on parole. He did not appeal the decision to release him on parole, and he did not seek collateral review. [doc. # 1, pp. 2-7].

Petitioner essentially claims that, instead of parole, he should have been released unconditionally. First, he alleges that he entered an agreement with the Louisiana Department of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] LA. REV. STAT. § 15:571.5(A) provides, "When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole."

Public Safety and Corrections ("DPSC") in which he agreed to forego his incentive wages in exchange for a diminution of sentence in the form of good-time credit earned at a rate of 30 days of credit for every 30 days in custody. [doc. # 2, p. 4]. The "contract," as Petitioner refers to it, made no mention of LA. REV. STAT. § 15:571.5 and did not state that, upon earning good-time credit, he would be released "as if released on parole." *Id.* at 4-5. He claims that he fulfilled his agreement and earned 13.5 years of good-time credit for the 12 years he was incarcerated. *Id.* at 6. He also claims that, by foregoing incentive wages, he bought good-time credit. *Id.* at 5. Under his logic, he "diminished" or reduced his sentence, and he was therefore entitled to unconditional release. *Id.*

Apparently in the alternative, Petitioner argues that, to the extent the contract he signed entitled him to parole only, the Louisiana Board of Pardons and Parole ("the Board") cannot enforce the contract because the Board did not sign it. *Id.* at 4.

Relatedly, Petitioner claims that, on the day of his release, he was forced to choose between remaining incarcerated or signing a second "contract" and agreeing to release subject to parole conditions. *Id.* at 5. He construes this as a form of duress and claims that the second contract is a nullity. *Id.* He adds that the second contract "breaches the first contract because it takes away any diminution of sentence and makes [him] forfeit his good time credits promised in the first contract." *Id.* at 6.

Petitioner also challenges the constitutionality of LA. REV. STAT. § 15:571.5, claiming that it violates due process, that its application results in double jeopardy, that it violates his right to equal protection, and that it violates the ex post facto clause. *Id.* at 2, 5.

Petitioner seeks release free from all terms and conditions of parole, reimbursement for

his parole fees, a declaration that LA. REV. STAT. § 15:571.5 is unconstitutional, and compensation for lost wages, pain, and suffering. [doc. #s 1, p. 7; 2, p. 7].

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. A petitioner is still considered "in custody" if he is on parole. *Jones v. Cunningham*, 371 U.S. 236, 83 (1963); *U.S. v. Tavarez*, 79 Fed. App'x. 79, 80 (5th Cir. 2003); *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Here, as Petitioner is on parole, he is "in custody."

The limitation period in 28 U.S.C. § 2244(d) "run[s]" from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (opining, where a petitioner argued that "conditions of parole should not have been imposed in connection with his 1976 convictions because the sentences were fully discharged at the time he was placed on parole in 2012," that the district court did not err in finding the petitioner's claim time bared

under 28 U.S.C. § 2244(d)(1)).[3]

Here, Petitioner does not challenge the validity of his conviction. [doc. # 1, p. 3]. Rather, he only challenges the imposition of parole. Section 2244(d)(1)(D) applies to "claims predicated on parole decisions." *Goodwin v. Dretke*, 118 F. App'x 817, 818 (5th Cir. 2004) ("*Goodwin II*"); see *Goodwin v. Dretke*, No. 02-41690 (5th Cir. June 19, 2004) ("*Goodwin I*").[4] In that respect, Petitioner could have discovered the factual predicate of his claim—that he was subject to conditions of parole—on September 30, 2013, when he signed a "Statement of General Conditions Under Which Diminution of Sentence/Parole Supervision is Granted" and agreed to the enumerated conditions of parole.[5] [doc. # 1-3, p. 2]. At the very latest, Petitioner could have discovered the factual predicate of his claim on October 7, 2013, when he was

---

[3] See also *Bernard v. Hunter*, 2006 WL 2506140, at *2 (E.D. La. Aug. 29, 2006) ("[F]or § 2241 applications challenging parole decisions, the one-year period is measured not from the finality of the defendant's underlying conviction under § 2244(d)(1)(A), but from the date on which the factual predicate of the parole challenge could have been discovered through the exercise of due diligence."); *Reynolds v. Cain*, 2010 WL 3396889, at *2 (M.D. La. July 20, 2010), report and recommendation adopted, 2010 WL 3396890 (M.D. La. Aug. 25, 2010) ("Section 2241 claims are subject to a one (1) year period of limitation outlined in 28 U.S.C. § 2244(d).").

[4] See also *Graves v. Dretke*, 2005 WL 2778543, at *2 (N.D. Tex. Oct. 25, 2005), report and recommendation adopted, 2005 WL 3107689 (N.D. Tex. Nov. 18, 2005) (observing in a case involving parallel allegations that, because the petitioner's "claims relate to circumstances surrounding his placement on, and later removal from, mandatory supervision, the limitations period began to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"); *Simmons v. Wilkinson*, 2008 WL 521366, at *2 (W.D. La. Feb. 6, 2008) ("[S]ince petitioner did not challenge his underlying conviction, . . . the limitations period for any attack on the revocation of his parole began on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"); *Williams v. 19th Judicial E. Baton Rouge*, 2012 WL 1014819, at *3 (E.D. La. Jan. 27, 2012), report and recommendation adopted, 2012 WL 1014831 (E.D. La. Mar. 23, 2012); *Robinson v. Sec'y, Dep't of Corr.*, 2017 WL 2559659, at *3 (M.D. Fla. June 13, 2017).

[5] Presumably, this is the "second contract" to which Petitioner refers.

released on parole.[6] [doc. # 2, p. 2].[7]

Petitioner, therefore, had one year, or until October 7, 2014, to file a federal habeas corpus petition. Petitioner did not file the instant Petition until September 26, 2018. Thus, his claims are barred by the one-year limitation period unless he extended the October 7, 2014 deadline through statutory or equitable tolling.

## I. Statutory Tolling

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only for as long as the state application remains pending. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not seek post-conviction or other collateral review. [doc. # 1, pp. 2-7]. Thus, he did not statutorily toll the period of limitation. Accordingly, the instant Petition is

---

[6] See *Johnson v. Drew*, 2016 WL 1408111, at *3 (N.D. Tex. Apr. 6, 2016), aff'd in part, vacated in part, remanded sub nom, *Johnson v. Davis*, 697 F. App'x 274 (5th Cir. 2017) (finding, where a petitioner challenged his release on parole, that the limitations period "began to run . . . [on] the date petitioner was released to parole . . . ."); *Serrano v. Louisiana*, 2010 WL 2696852, at *7 (E.D. La. May 24, 2010), report and recommendation adopted, 2010 WL 2696855 (E.D. La. June 30, 2010) (finding that "the one-year statute of limitations would begin to run on November 30, 2003, the day after [the petitioner] was released on parole and should have been aware of the DOC's calculation errors.").

[7] Nothing in the record suggests that any state-created impediments prevented the filing of this Petition. See 28 U.S.C. § 2244(d)(1)(B). In addition, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See *id.* § (d)(1)(C).

untimely and should be dismissed absent rare and exceptional circumstances.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing supports equitable tolling here. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1)(D).

## III. Monetary Relief

Petitioner's requests for monetary relief are not cognizable in this habeas action; rather, they are only cognizable in a civil rights proceeding under 42 U.S.C. § 1983. See *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

"[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Here, Petitioner presents inseparable claims: while he seeks habeas relief and monetary compensation, the claims for which he seeks these forms of relief are identical. Thus, the Court should decline to redesignate Petitioner's pleading as a civil rights complaint. Moreover, redesignating the pleading would obligate Petitioner to pay an additional filing fee. Petitioner alone must decide if he wishes to pursue monetary relief in a separate civil rights proceeding.

If Petitioner desires to pursue a civil rights action, he must file a separate proceeding, utilizing the appropriate complaint form. Petitioner should be cognizant that, to file a separate civil rights proceeding, he must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis.[8] Petitioner should likewise be cognizant that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Accordingly, as Petitioner's requests for monetary relief are not cognizable in a federal habeas corpus action, they should be dismissed.

---

[8] Petitioner is advised that the cost of litigating a civil rights complaint pursuant to Section 1983 is significantly higher than the cost of litigating a habeas corpus petition.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Tommy L. Lingefelt, Sr.'s Petition for habeas corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER RECOMMENDED** that Petitioner's claims for monetary relief be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Preliminary Injunction, [doc. # 2], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 9th day of October, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE